UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

          v.

JORGE ROJAS,

          Defendant.

18-Cr-627 (SHS)

OPINION & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Jorge Rojas is currently serving an 18-month incarceratory sentence at the Metropolitan Detention Center, Brooklyn, after having pled guilty in January 2019 to one count of possession with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Rojas suffers from a number of serious medical conditions that place him at high risk of severe medical consequences should he contract COVID-19.

    On March 25, 2020, defense counsel filed a request with the Bureau of Prisons (BOP) outlining Rojas's exceptional circumstances and seeking defendant's transfer to home confinement for the balance of his incarceratory sentence.[1] (ECF No. 41.) On April 6, 2020, Rojas moved this Court for compassionate release pursuant to 18 U.S.C. § 3582(c). (Def. Mot., ECF No. 42.) Initially, the government opposed Rojas's motion on the ground that he failed to exhaust his administrative remedies as mandated by section 3582(c)(1)(A). (ECF No. 43.) The Court has held two telephonic conferences and has received written submissions on the motion.

    Section 3582(c) provides, in relevant part, that "[t]he court may not modify a term of imprisonment once it has been imposed" except upon the earliest of one of three possible events:

    (1) "motion of the Director of the Bureau of Prisons";
    (2) "motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf"; or
    (3) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."

---

[1] The Court construes defendant's March 25 letter as a request for compassionate release pursuant to 18 U.S.C. § 3582(c). 28 C.F.R. § 571.61 requires, in pertinent part, that an inmate initiate his request for compassionate release under section 3582(c) by filing the request, in writing, with the warden of his facility, and that the request state "at a minimum" the circumstances the inmate considers extraordinary and his proposed release plans. Although Rojas styled his March 25 letter as a request under 18 U.S.C. § 3624, it nonetheless meets the requirements of a request for compassionate release and the Court construes it as such.

In a letter dated April 28, 2020, the government conceded that Rojas has exhausted his administrative remedies since thirty days have now elapsed without a final determination from the BOP. (*See* ECF No. 48 at 1.) The Court concurs. *See* 18 U.S.C. § 3582(c)(1)(A).

Turning to the merits of Rojas's motion, the government has elected not to oppose Rojas's request. (ECF No. 48 at 1–2.) Indeed, several compelling reasons weigh in favor of Rojas's release. First, Rojas has served the majority of the incarceratory portion of his sentence, and has approximately six months left to serve. (*Id.* at 1.)

Second, although Rojas was convicted of a serious crime, the offense involved non-violent conduct (*see* Presentence Investigation Report (PSR) ¶¶ 7–20, ECF No. 29), and the government agrees that Rojas currently poses no danger to the community (ECF No. 48 at 1). Rojas's lack of criminal history further supports this conclusion: apart from this conviction, Rojas has a single 17-year-old misdemeanor conviction on his record. (PSR ¶ 37.)

Finally, Rojas suffers from serious medical conditions, including hypertension, acute pericarditis, and diabetes, which are extensively documented in the record. (*See, e.g.*, PSR ¶ 57; June 20, 2019 Tr. at 18; Def. Mot. at 2; ECF No. 46; Def. Letters filed by email on Apr. 13 and Apr. 16, 2020.) According to the Centers for Disease Control and Prevention's (CDC) guidance, these conditions place Rojas in a category of individuals who are at higher risk for severe illness if they were to contract CVOID-19. *See Groups at Higher Risk for Severe Illness*, CDC (updated Apr. 17, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed Apr. 29, 2020). And, for what it is worth, the parties agree that Rojas's name can be found on the BOP's list of "high risk" inmates. (*See* Apr. 17, 2020 Tr. at 4.)

Accordingly, IT IS HEREBY ORDERED that:

1. Rojas's motion for compassionate release is granted as unopposed;
2. Rojas's sentence of incarceration is reduced to time served pursuant to 18 U.S.C. § 3582(c)(1)(A);
3. Rojas shall be released from BOP custody, effective immediately;
4. Rojas is hereby placed on supervised release, subject to the conditions of supervised release set forth in the judgment dated June 21, 2019. (*See* Judgment, ECF No. 38.) In addition to those conditions, Rojas shall serve the balance of his incarceratory sentence—Rojas's projected release date from the BOP is November 16, 2020—in 24-hour home incarceration enforced by location monitoring technology at an address approved by his Probation Officer. Upon release, Rojas is directed to go directly to Jacobi Hospital to be tested for COVID-19. If he tests positive, he will move into his late father's two-bedroom apartment at the address set forth in defense counsel's April 28, 2020 letter, where he will reside with his nephew and observe proper quarantine protocol. If he tests negative, he will reside with his mother at the address set forth in

Case 1:18-cr-00627-SHS   Document 49   Filed 04/30/20   Page 3 of 3

defense counsel's April 28, 2020 letter. Rojas may only leave his residence for necessary medical services. All other leave from the residence must be approved by Probation;
5. The location monitoring equipment shall be installed no later than 14 days after release;
6. If approved by Probation, Rojas is permitted to self-install the location monitoring equipment selected by Probation under the direction and instruction of Probation;
7. Rojas must obtain a smartphone with videoconferencing capabilities within two weeks of his release for remote/virtual monitoring by Probation;
8. Rojas shall comply with all standard conditions of supervised release;
9. Rojas shall surrender any personal travel documents not already in the possession of Probation and make no new applications for travel documents;
10. Rojas must immediately disclose to Probation when any habitant of his residence, including himself, becomes symptomatic of any illness; and
11. Rojas must report to Probation at the direction of Probation.

Dated: New York, New York
April 30, 2020

SO ORDERED

_____
SIDNEY H. STEIN
U.S.D.J.

3